UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.E.,<br><br>               Petitioner,<br><br>   v.<br><br>TONYA ANDREWS, Facility Administrator,<br><br>               Respondent. | No. 1:25-cv-00107-KES-SKO (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENT TO PROVIDE BOND HEARING BEFORE AN IMMIGRATION JUDGE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE<br><br>Docs. 1, 11, 14 |

      Petitioner A.E. is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

      On May 16, 2025, the assigned magistrate judge issued findings and recommendations to deny respondent Tonya Andrews' motion to dismiss, to grant the petition, and to direct respondent to provide petitioner with a bond hearing before an immigration judge at which respondent must justify petitioner's continued detention by clear and convincing evidence. Doc. 14.[1] Those findings and recommendations were served upon all parties and contained notice

---

[1] The findings and recommendations also recommended dismissing all named respondents except Andrews, the warden of the facility where petitioner is being held. Doc. 14 at 1 n.1.

1  that any objections thereto were to be filed within twenty-one (21) days after service. No
2  objections have been filed, and the deadline to do so has passed.
3       In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de
4  novo review of the case. Having carefully reviewed the file, the Court concludes that the findings
5  and recommendations are supported by the record and proper analysis.
6       In the event a notice of appeal is filed, a certificate of appealability will not be required
7  because this is not a final order in a habeas proceeding in which the detention complained of
8  arises out of process issued by a state court. *Forde v. U.S. Parole Commission*, 114 F.3d 878 (9th
9  Cir. 1997); *see Ojo v. INS*, 106 F.3d 680, 681-682 (5th Cir. 1997); *Bradshaw v. Story*, 86 F.3d
10 164, 166 (10th Cir. 1996).
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly,

1. The findings and recommendations issued on May 16, 2025, Doc. 14, are adopted in full;
2. All named respondents except Tonya Andrews, the warden of the facility where petitioner is being held, are dismissed;
3. The Clerk of Court is directed to update the docket to reflect that all respondents except Tonya Andrews have been terminated;
4. Respondent Andrews' motion to dismiss, Doc. 11, is denied;
5. The petition for writ of habeas corpus, Doc. 1, is granted;
6. Respondent is directed to schedule a bond hearing before an immigration judge within thirty (30) days of the date of service of this Order, wherein respondent must justify petitioner's continued detention by clear and convincing evidence, or in the alternative, release petitioner under appropriate conditions of supervision.
7. The Clerk of Court is directed to enter judgment and close the case; and
8. In the event a notice of appeal is filed, a certificate of appealability is not required.

IT IS SO ORDERED.

Dated:   June 30, 2025

UNITED STATES DISTRICT JUDGE